# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HECTOR MADRIGAL,**

                    **Plaintiff,**

**v.**                                           **Case No:   6:13-cv-575-Orl-31GJK**

**PROGRESS ENERGY SERVICE
COMPANY, LLC and LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON,**

                    **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on Defendants' Bill of Costs (Doc. No. 39), Defendants' Memorandum of Law in Support of its Bill of Costs (Doc. No. 40), and Plaintiff's Memorandum in Opposition to Defendants' Bill of Costs (Doc. No. 41).

## I.     BACKGROUND.

On May 12, 2014, judgment was entered in Defendants' favor and against Plaintiff.   Doc. No. 38.   On May 21, 2014, Defendants filed a Bill of Costs and a memorandum in support thereof. Doc. Nos. 39-40.   The Bill of Costs only seeks to recover $232.25, which represents the amount Plaintiff's firm charged Defendants for producing copies of documents responsive to Defendants' requests for production.   Doc. Nos. 39; 39-1.

On May 30, 2014, Plaintiff filed a Memorandum in Opposition to Defendants' Bill of Costs.   Doc. No. 41.   Plaintiff argues that the copies were not necessarily obtained for use in the case, because none of the documents produced by him were used in support of Defendants' motion for summary judgment (Doc. No. 30) or their response to his motion for summary judgment (Doc. No. 34).   Doc. No. 41 at ¶¶ 8-10 (citing *James v. Coors Brewing Co.*, 73 F. Supp. 2d 1250, 1260

(D. Colo. 1999)).   Plaintiff further argues that even if some of the copies were used in the case, Defendants' failure to identify which documents were used should bar them from recovering the entire cost of the copies.   Doc. No. 41 at ¶ 11.

## II.   <u>LAW</u>.

Generally, a prevailing party may tax costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920.   Rule 54(d), Federal Rules of Civil Procedure, provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court otherwise directs.   Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)  Fees of the clerk and marshal;
>
> (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)  Fees and disbursements for printing and witnesses;
>
> (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)  Docket fees under § 1923 of this title;
>
> (6)  Compensation of court-appointed experts, compensation of interpreters, and salaries, fees expenses and costs of special interpretation services under § 1828 of this title.

*Id.*   The court has limited discretion in awarding costs, and is permitted to tax only those items specified in § 1920, unless authorized by statute.   *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).   When challenging whether costs are properly taxable, the burden lies with the challenging party.   *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).   However, the party seeking costs must provide sufficient

detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

## III.   ANALYSIS.

Defendants, as the prevailing parties, are entitled to costs. Fed. R. Civ. P. 54(d). Defendants seek to recover the amount Plaintiff's firm charged them for producing copies of documents responsive to their requests for production, representing that the cost for said copies was necessarily incurred in the defense of this action. Doc. Nos. 39; 39-1; 40. Costs for copying documents necessarily obtained for use in the case are taxable. 28 U.S.C. § 1920(4). The fact that the copies were not submitted to the Court in support of Defendants' summary judgment briefing does not preclude recovery of the cost for the copies. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Instead, the Court must determine whether "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *Id*. Here, the copies at issue were produced by Plaintiff in response to Defendants' requests for production. Doc. No. 39-1. "Copies attributable to discovery" are recoverable under § 1920(4). *W & O, Inc.*, 213 F.3d at 623 (citing *Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). Therefore, the undersigned finds that the cost for the copies produced by Plaintiff in response to Defendants' requests for production is recoverable pursuant to § 1920(4).

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court award Defendants $232.25 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 30, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy